20173/053190

**IN THE UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NICO ROSS, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL GENERAL INSURANCE, PROGRESSIVE INSURANCE COMPANY, TREXIS INSURANCE COMPANY, DIRECT AUTO INSURANCE CO., LYFT, INC., and ONYX HERNANDEZ, <br><br> Defendants. | No. 1:24-cv-08222 <br><br> Judge John J. Tharp <br><br> Magistrate Judge Jeffrey Cole |

**DEFENDANT, LYFT, INC.'S, FED. R. CIV. P. 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON AFFIRMATIVE DEFENSES OF RES JUDICATA/CLAIM PRECLUSION AND COLLATERAL ESTOPPEL/ISSUE PRECLUSION**

For their Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings based on the affirmative defenses of *res judicata*/claim preclusion and collateral estoppel/issue preclusion, Defendant, Lyft, Inc. ("Lyft"), by and through its attorneys, James F. Maruna, Richard C. Huettel, and Lindsey G. Aranguren, of CASSIDAY SCHADE, LLP, states:

**INTRODUCTION**

1.  This is now the third incarnation of the same lawsuit filed by Plaintiff Nico Ross against Defendant Lyft. Plaintiff claims that his vehicle was damaged in a car accident at Midway Airport in Chicago and was improperly denied insurance benefits from Lyft covering property damage to his vehicle. He filed two versions of this claim in the Superior Court of Lake County, Indiana in 2021 – one version in the small claims division and the second version in the civil trials division. In 2022, both the Small Claims judge and the Civil Trials Division judge dismissed Plaintiffs' lawsuits against Lyft with prejudice. The first dismissal came in March 2022 after a

1

summary judgment hearing in the small claims matter, and the second dismissal came in August 2022 in the civil trial matter and was based, in part, on Lyft defense of res judicata because of the small claims' earlier dismissal of the same claim with prejudice. Rather than seeking relief in Indiana's appellate court, Plaintiff did nothing. Then, two years later, in 2024, Plaintiff filed the same claim for a third time against Lyft but this time in Cook County, Illinois Circuit Court. Lyft timely removed this newly-filed Illinois lawsuit to Federal Court on diversity jurisdiction and then timely filed an answer with several affirmative defenses including the two at issue in the instant motion for judgment on the pleadings – res judicata and collateral estoppel.

2. Plaintiff, thereafter, moved to amend his complaint to add "bad faith" allegations arising out of the same set of facts as laid out below. This Court granted Plaintiff's Motion, and he filed his First Amended Complaint on November 6, 2024. Defendant Lyft thereafter filed an Answer to Plaintiff's First Amended Complaint – including affirmative defenses for res judicata and collateral estoppel amongst others – as well as a 12(b)(6) Motion to Dismiss for failure to state a claim. After full briefing Defendant Lyft's Motion to Dismiss was granted in part and denied in part. [Dkt 65]. Plaintiff was thereafter granted leave to file a Second Amended Complaint which he did on October 28, 2025. [Dkt 70].

3. Defendant Lyft has simultaneously with this Motion filed an Answer to Plaintiff's Second Amended Complaint – including affirmative defenses for res judicata and collateral estoppel amongst others.

4. Lyft now also moves for Judgment on the Pleadings on these bases so that the matter can be resolved at the outset before Lyft incurs any further burden defending a lawsuit a third time that it already won twice, with prejudice each time.

**BACKGROUND**

5. On October 8, 2021, Plaintiff filed a small claims complaint in the Lake County, Indiana Superior Court bearing Docket Number 45D12-2110-SC-004794 (the "**Indiana Small Claims Case**"). *See* Lyft's First Affirmative Defense ("Lyft Aff. Def. No. 1") at ¶ 2. In **his Indiana Small Claims Case**, Plaintiff claimed in his handwritten complaint that Lyft failed to pay for personal property as a result of an October 9, 2019, automobile accident. (Lyft Aff. Def. No. 1 at ¶ 2.

6. That same day, on October 8, 2021, Plaintiff also filed a "Complaint for Damages and Breach of Contract" in Lake County, Indiana Superior Court's civil trial division bearing Docket Number 45D04-2110-CT-00995 (the "**Indiana Civil Trial Division Case**"). In his **Indiana Civil Trial Division Case**, Plaintiff claimed that he was in a car accident at 55th Street and Cicero in Chicago, and a third-party beneficiary to a policy of insurance provided to Lyft. He sued for property damage to his vehicle and lost wages. (Lyft Aff. Def. No. 1 at ¶ 3).

7. On January 4, 2022, Lyft filed summary judgment in the **Indiana Small Claims Case**. (Lyft Aff. Def. No. 1 at ¶ 4). On March 14, 2022, the presiding Judge of Lake County's Division 4 dismissed Plaintiff's **Indiana Small Claims Case** with prejudice. *See* (Lyft Aff. Def. No. 1 at ¶ 4) (*citing* Order, No. 45D12-2110-004794, (Lake Cty. Ind. Sup. Ct, Mar. 14, 2022) ("Matter dismissed WITH PREJUDICE.") (emphasis in original).

8. On July 14, 2022, Lyft filed a motion to dismiss in the **Indiana Civil Trial Division Case** arguing *res judicata* based on the March 14, 2022 dismissal with prejudice of Plaintiff's Small Claims Case. (Lyft Aff. Def. No. 1 at ¶ 5).

9. Plaintiff did not oppose Lyft's motion to dismiss. (*Id.*)

10. On August 19, 2022, the Lake County Civil Division granted Lyft's Motion to Dismiss "in its entirety." (*Id.*) The Judge then dismissed Plaintiff's **Indiana Civil Trial Division Case**, <u>with prejudice</u>. (*Id.*) (*citing* Order, No. 45D04-2110-CT-000995 (Lake Cty. Ind. Sup. Ct. Aug. 19, 2022) ("Plaintiff's claims against LYFT, INC. are hereby dismissed with prejudice, and final appealable judgment is entered in favor of LYFT, INC., and against Plaintiff on all of Plaintiff's claims.")).

11. On August 1, 2024, Plaintiff filed the third incarnation of his claims in the Circuit Court of Cook County, IL. (Lyft Aff. Def. No. 1 at ¶ 6) (the "**Instant Case**."). In his "Complaint for Damage and Breach of Contract," Plaintiff claimed that he was in an October 9, 2019 vehicle accident at 55th Street and Cicero Avenue in Chicago and that he was a third-party beneficiary to an insurance policy issued by Lyft. (*Id.*) (*citing* [Dkt # 8-1 at pp. 2-3]).

12. Lyft timely removed the **Instant Case** to Federal Court on the basis of diversity jurisdiction. [Dkt. # 1; 8].

13. On September 30, 2024, Lyft answered and asserted affirmative defenses to the **Instant Case**, including, *res judicata*/claim preclusion and issue preclusion/collateral estoppel based on the 2022 dismissals with prejudice of these exact same claims. *See* [Dkt. # 10] at (Lyft Aff. Def. No. 1).

14. On October 14, 2024, Plaintiff moved this court to amend his complaint in the **Instant Case** to include bad faith. *See generally* [Dkt. #19]. This Court granted Plaintiff's Motion, and he thereafter filed a First Amended Complaint on November 6, 2024. *See generally* [Dkt. #26].

15. Defendant Lyft thereafter filed an Answer to Plaintiff's First Amended Complaint in the **Instant Case** – including affirmative defenses for res judicata and collateral estoppel amongst others – as well as a 12(b)(6) Motion to Dismiss for failure to state a claim. After full

4

briefing Defendant Lyft Motion to Dismiss was granted in part and denied in part. This Couter entered the following order:

> "The following claims against Lyft are also dismissed with prejudice: breach of contract, breach of the duty of good faith and fair dealing, violation of Illinois insurance code, negligent infliction of emotional distress, unfair enrichment, and failure to investigate, settle, defend, indemnify, reimburse, communicate, and exercise a duty of care. The plaintiff's claims against Lyft for misrepresentation and unfair and deceptive practices, however, are dismissed without prejudice." [Dkt 65].

16. Plaintiff was granted leave to file a Second Amended Complaint in the **Instant Case** which he did on October 28, 2025. [Dkt 70].

17. Plaintiff's Second Amended Complaint in the **Instant Case** includes three Counts: (1) Failure To Provide Drivers Insurance in Violation of the Illinois Transportation Network Providers Act ('TNC Act'); (2) Violation Of the Illinois Consumer Fraud and Deceptive Practices Act 815 ILCS 505/1; and (3) Common Law Fraudulent Misrepresentations. *Id*.

18. Defendant Lyft has filed an Answer to the Plaintiff's Second Amended Complaint in the **Instant Case**, denying all substantive allegations of said Complaint. Defendant Lyft also asserted affirmative defenses, including, *res judicata*/claim preclusion and issue preclusion/collateral estoppel based on the 2022 dismissals with prejudice of these exact same claims. *See* Defendant Lyft's Answer to the Plaintiff's Second Amended Complaint at (Lyft Aff. Def. No. 1).

19. This Motion for Judgment on the Pleadings in the **Instant Case** follows as these issues were previously addressed, or could have been addressed in the **Indiana Small Claims Case** or the **Indiana Civil Trial Division Case** which were both dismissed *with prejudice*.

**STANDARD**

20. Pursuant to Fed. R. Civ. P. 8(c), claim preclusion and issue preclusion are affirmative defenses that must be pled in a complaint. Therefore, "the proper procedure is to raise the [affirmative] defense and then move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure." *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 n. 2 (7th Cir. 2014) (internal citations omitted). Rule 12(c) motions are "governed by the same standards as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)." *Acuity v. Lenny Szarek, Inc.*, 128 F.Supp.3d 1053, 1058 (N.D. Ill. 2015) (citing *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012)). "As on a Rule 12(b)(6) motion, the court on a Rule 12(c) motion assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions." *Kane v. Bank of America, N.A.*, 338 F.Supp.3d 866, 869 (N.D. Ill. 2018) (internal citations omitted). "Judgment on the pleadings is appropriate when the there are no disputed issues of material fact and it is clear that the moving party is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

21. Critically, in answering why this is properly a 12(c) motion versus a summary judgment, in ruling on a Rule 12(c) motion pursuant to these doctrines, this Court may take judicial notice of the prior state court filings and judicial decisions. *Kane*, 338 F.Supp.3d at 869; *see also Unipro Graphics, Inc. v. Vibrant Impressions, Inc.,* No. 21-cv-1700, 2021 U.S. Dist. LEXIS 158251, *10, 2021 WL 3722848, *4 (N.D. Ill. Aug. 23, 2021); *see also Harrison v. Deere & Co.,* 533 F. App'x. 644, 647 (7th Cir. 2013) ("Harrison argues that we should reverse the district court's opinion because it considered facts outside the pleadings (as expressed in *Addington* and *Deere I*) on a motion for judgment on the pleadings…But the district court did not err because Deere specifically referenced these two cases in its answer to Harrison's complaint, and we have ruled

that the district court may take into consideration documents incorporated by reference to the pleadings and may also take judicial notice of matters of public record.") Therefore, this Court may properly consider the State Court filings, opinions, and orders on a 12(c) motion as they are all referenced in Lyft's answer and also matters of public record in the Indiana State Courts.

## ARGUMENT

**I. RES JUDICATA AND COLLATERAL ESTOPPEL DICTATE THAT PLAINTIFF'S THIRD LAWSUIT IS BARRED BECAUSE INDIANA COURTS TWICE DISMISSED THE SAME LAWSUIT WITH PREJUDICE**

22. At issue are two prior state court judgments. As we are dealing with prior state court judgments, not federal court judgments, the U.S. Supreme Court instructs, "a federal court must give the same preclusive effect to a state-court judgment as another Court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 523 (1986). In order that a state court judgment precludes a federal claim two elements are required: (1) the preclusion defense (i.e, res judicata) must apply under state law; and (2) the respondent must have had an opportunity to fully and fairly litigate the claims in state court. *Harrison v. Deere & Co.,* 533 F. App'x. 644, 648 (7th Cir. 2013). At the outset, the second element, an opportunity to fully and fairly litigate is clearly satisfied here because Plaintiff had defended his claims in Lake County Indiana Superior Court twice, losing both times.

23. Thus, the sole question is whether the first element, whether controlling state law precludes the claim or issue from being re-litigated, applies. If so, then this Federal Court must preclude the claim or issue in the **Instant Case** based on the prior state court rulings.

24. At issue here are two similar, but distinct preclusion doctrines – res judicata and collateral estoppel – both of which dictate dismissal of Plaintiff's claim.

7

### *A.* **Res Judicata Bars Plaintiff's Instant Lawsuit Against Lyft**

25. "At a high level, the doctrine [of claim preclusion] prevents a party from repeatedly litigating the same cause of action against the same party." *Creation Supply, Inc. v. Selective Ins. Co. of the SE*, 51 F.4th 759, 763 (7th Cir. 2022).

26. Initially, the Court must decide what state law applies – Indiana where Plaintiff filed the prior two actions, which were dismissed with prejudice, or Illinois where the current action was filed. Generally, "[f]ederal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Illinois law applies as it is the forum for the pending case and in Illinois, courts apply forum law unless there is "an actual conflict with another state's law." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020). Therefore, it is only necessary to perform the choice of law analysis when a difference in outcome between two states' laws would change the outcome's dispute. *Bridgeview Health Care Ctr., Ltd., v. State Farm Fire & Cas. Co.*, 2014 IL 116389, 10 N.E.3d 902, 905 (Ill. 2014).

27. If there is a conflict, then the analysis asks which state retains the "most significant relationship" to the occurrence and the parties. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill.2d 45, 879 N.E.2d 910, 919 (Ill. 2007).

28. Under Illinois law, a party must show three elements before res judicata attaches: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identify of cause of action; and (3) there was an identity of parties or their privies." *See H.A.L. NY Holdings, LLC v. Guinan,* 958 F.3d 627, 632 (7th Cir. 2020) (applying Illinois Law).

29. Under Indiana Law, the following four elements must be present before claim preclusion attaches: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action, and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies. *See Robbins v. Med-1 Sols., LLC,* 13 F.4th 652, 657 (7th Cir. 2021) (applying Indiana Law).

30. No conflict exists. The test is the same as Illinois and simply combines the the "judgment on the merits" showing and "court of competent jurisdiction" showing into one element, whereas Indiana courts separate these into two elements. *See also Guar. Trust Life Ins. Co. v. First Student Programs, LLC,* No. 05-C-1261, 2009 U.S. Dist. LEXIS 5834, * 17, n.6, 2009 WL 196311 (N.D. Ill. Jan. 28, 2009) (considering that Indiana or Illinois law might also apply to a claim preclusion issue, but noting that either would be the same as Pennsylvania's own claim preclusion doctrine suggesting that Indiana and Illinois law on claim preclusion is similar to one another).

31. Because there is no conflict under the choice of law analysis, the Court should apply Illinois law.

32. Next, applying the elements of res judicata, it is clear that Plaintiff's claim in the **Instant Case** is barred. First, there was a final judgment on the merits rendered by a Court of competent jurisdiction – twice over. Both the **Indiana Small Claims Case** and the **Indiana Civil Trial Division Case** were dismissed *with prejudice*. (Lyft Aff. Def. No. 1 at ¶¶ 4-5). Under Illinois law, a dismissal with prejudice constitutes a final adjudication on the merits. *SDS Partners, Inc. v. Cramer*, 305 Ill. App. 3d 893, 896, 713 N.E.2d 239, 241, 238 Ill. Dec. 993, 995 (Ill. Ct. App. 1999) ("A dismissal with prejudice constitutes an adjudication on the merits that bars plaintiff

9

from maintaining another action on the same claim."); *see also Morris v. Union Oil Co. of California*, 96 Ill. App. 3d 148, 156, 421 N.E.2d 278, 284, 51 Ill. Dec. 770, 776 (Ill. Ct. App. 1981) ("Dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and had been resolved by final judgment adverse to the plaintiff.")[1]

33. Second, identity of causes of action exists. Illinois courts apply a "transactional test" in determining whether or not there exists identity of causes of action under res judicata. *Ross v. Advertising, Inc. v. Heartland Bank & Trust Co.*, 2012 IL App (3d) 110200, ¶ 34, 969 N.E.2d 966, 976 360 Ill. Dec. 921, 931 (Ill. Ct. App. 2012) (internal citation omitted). "Under this test, separate claims will be considered the same cause of action if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. Here, there is an identity of causes of action because Plaintiff's claims arise from the same operative facts; specifically, a purported October 9, 2019 motor vehicle accident outside of Midway Airport at 55th Street and Cicero Avenue in Chicago from which he now, once again, claims for breach of contract, and various other allegations amounting to "bad faith" because he was allegedly denied insurance benefits from Lyft. (Lyft Aff. Def. No. 1 at ¶¶ 4-6).

34. Third, identity of parties exists. The prior two Indiana claims were filed by the same Plaintiff, Nico Ross, and he sued Lyft in each case. The **Instant Case** is once again Plaintiff Nico Ross versus Lyft. (Lyft Aff. Def. No. 1 at ¶¶ 4-6).

Accordingly, res judicata bars Plaintiff from relitigating his claims against Lyft in this case.

---

[1] Even if Plaintiff were to argue that the **Indiana Civil Trial Division Case's** dismissal was improperly decided on res judicata (an issue that Plaintiff never appealed), it does not change the outcome of this motion in Lyft's favor because Plaintiff still lost the **Indiana Small Claims Case** after a summary judgment hearing. *See Forshee v. Shoney's, Inc.* 637 N.E.2d 1277, 1280 (Ind. 1994) (explaining that a summary judgment decision is a decision on the merits).

### B. Collateral Estoppel Bars Plaintiff's Instant Lawsuit Against Lyft

35. Collateral estoppel bars subsequent re-litigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit. *Robbins.* 13 F.4th at 657. In those instances, the first adjudication is held conclusive even if the second matter is on a different claim. *Id.* The key difference between res judicata and collateral estoppel is that collateral estoppel does not require identity of parties. *Id.*

36. Similar to the choice of law analysis on res judicata, the Court must perform the same analysis to see if a conflict exists between Illinois law and Indiana law on the test for collateral estoppel.

37. Under Illinois law, collateral estoppel is a three-element test: (1) the issue decided in the prior adjudication must be identical to the issue at stake in the current adjudication; (2) the prior adjudication must have been finally decided on the merits; (3) the party against whom issue preclusion is argued must have been a party or in privity with a party to the prior adjudication. *Peraica v. McCook,* 641 F. App'x. 586, 588-89 (7th Cir. 2016) (applying Illinois Law). Because the doctrine is equitable in nature, Illinois courts also consider equitable factors including whether a party has the full and fair opportunity to litigate an issue in a prior action and whether unfairness would result to the party being estopped. *Allianz Ins. Co. v. Guidant Corp.*, 387 Ill. App. 3d 1008, 1021-22, 900 N.E.2d 1218, 1231 (Ill. Ct. App. 2008).

38. Under Indiana law, collateral estoppel is a three-element test: (1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) the party to be estopped was a party or the privity of a party in the prior action." *Glenn v. City of Hammond,* No. 2:18-CV-150-TLS-JEM, 2021 U.S. Dist. LEXIS 169894, * 24, 2021 WL 4078063 (N.D. Ind. Sept. 7, 2021). For defensive collateral estoppel, two additional equitable considerations are relevant –

whether the party against whom issue preclusion is pled had a full and fair opportunity to litigate the issue; and whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel. *Id.* at *24-25.

39. The test for issue collateral estoppel is the same under both Indiana and Illinois law; therefore, the Court should apply Illinois, the forum law.

40. Collateral estoppel bars Plaintiff's claim against Lyft. First, the issue decided in Lyft's favor in the prior two lawsuits is identical to the issue brought against Lyft in this lawsuit – namely, whether Lyft owes Plaintiff compensation or coverage providing compensation for damages that he claims sustaining following the accident. *Compare* (Lyft Aff. Def. No. 1 at ¶¶ 4-5) *with* (Lyft Aff. Def. No. 1 at ¶ 6). Second, the prior decisions were on the merits. Both Indiana actions were dismissed with prejudice in 2022. (Lyft Aff. Def. No. 1 at ¶¶ 4-5). Plaintiff has undertaken no appeal and sought no reconsideration in the last three years. (*Id.*) Third, the party against whom preclusion is sought here was the same party from the prior cases. Plaintiff Nico Ross here is also the same Plaintiff from both prior lawsuits. *Compare* (Lyft Aff. Def. No. 1 at ¶¶ 4-5) *with* (Lyft Aff. Def. No. 1 at ¶ 6). Thus, collateral estoppel bars Plaintiff's claims against Lyft.

41. As to the equitable considerations, Plaintiff had a full and fair opportunity to litigate in Indiana court. He just lost, twice. (Lyft Aff. Def. No. 1 at ¶¶ 4-5). Indeed, in the **Indiana Small Claims Case**, the ruling came *after* a summary judgment hearing.

42. It would not be "otherwise unfair" to bar this claim because this is now the third version of the same claim against Lyft. Plaintiff wants a third bite at the apple. *Compare* (Lyft Aff. Def. No. 1 at ¶¶ 4-5) *with* (Lyft Aff. Def. No. 6). It is unfair to this Court, which must now expend judicial time and resources deciding the claim a third time. It is also unfair to Lyft who

has now had to defend the same lawsuit three times. Finally, judgments must have effect. If Plaintiff was dissatisfied with the Indiana state court's rulings, then his remedy for relief lied with the Indiana Appellate Courts, not this Federal Court hearing yet another version of the same lawsuit.

43. Accordingly, collateral estoppel bars Plaintiff from relitigating this case. Lyft is entitled to judgment and dismissal with prejudice.

## **CONCLUSION**

WHEREFORE, Defendants, LYFT, INC., respectfully request that this Court enter an order granting the instant Rule 12(c) Motion for Judgment on the Pleadings; enter an order granting judgment in Lyft's favor, dismissing Plaintiff's claims against Lyft with prejudice; plus Defendants' costs and fees; and any further relief this Court deems just.

Respectfully submitted,

LYFT INC. d/b/a LYFT ILLINOIS, INC.

By: /s/ *James F. Maruna*

James F. Maruna / ARDC No. 6313433
Richard C. Huettel / ARDC No. 6190664
Lindsey G. Aranguren / ARDC 6345501
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
jmaruna@cassiday.com
rhuettel@cassiday.com
laranguren@cassiday.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 18, 2025, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A paper copy was placed in U.S. Postal Service to the address listed for Plaintiff:


Nico Ross
9 Highland Street
Hammond, IN 46320


                                 /s/ James F. Maruna